NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA TANNIEHILL, : <br> : <br> Plaintiff, : <br> v. : **CIVIL ACTION NO. 11-2392(ES)** <br> : <br> BERGEN COUNTY, et al. : **OPINION** <br> : <br> Defendants. : |  |

**SALAS, District Judge.**

Now pending before this Court is Plaintiff Jessica Tanniehill's application for an emergency injunction. Prior to considering Plaintiff's application, the Court will exercise its authority to conduct a *sua sponte* jurisdictional inquiry.[1] By way of background, on October 12, 2011, this Court dismissed Plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8(a). Plaintiff was granted leave to file an amended complaint by November 15, 2011. Plaintiff timely filed an amended complaint along with the instant application and a renewed motion for *pro bono* counsel.

**I.  Discussion**

A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; *see also* 28 U.S .C. § 1331.

---

[1] Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986); *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161, 166 (3d Cir. 1998). Federal Rule of Civil Procedure 12(h)(3) states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Thus, the Court possesses the authority to conduct a *sua sponte* inquiry to determine whether subject matter jurisdiction exists. *See, e.g., Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits ... Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the action must be dismissed.").

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir.1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Id*.

Plaintiff's Complaint does not specifically assert a basis for this Court's jurisdiction, but rather states that this Court's jurisdiction is predicted on her allegation that "[a]ll defendants work in Bergen County Superior Court system 1 out of 4 works in Elizabeth, New Jersey." (Pl.'s Amended Compl. P. 1).

### a. Diversity Jurisdiction

Common law claims may be brought in federal district court pursuant to 28 U.S.C. § 1332(a), if the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states. It has long been recognized, however that to find jurisdiction upon § 1332, there must be complete diversity among all parties, i.e., each plaintiff must be a citizen of a different state from each defendant. *See Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996). Thus, if a plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction.

Here, complete diversity is lacking. Plaintiff alleges that she is a resident of New Jersey and contends that each defendant is a resident of New Jersey. Therefore, because complete diversity is lacking, the Court has no subject matter jurisdiction over any state law claim that may be construed from the complaint against this defendant, pursuant to 28 U.S.C. § 1332(a), and so these claims will be dismissed, with prejudice.

### b. Federal Question Jurisdiction

The jurisdiction of this court also may be based on federal question jurisdiction under 28 U.S.C. § 1331. This section provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28

U.S.C. § 1331. Plaintiff does not cite any federal laws in her Complaint. And, even construing Plaintiff's Complaint liberally, this Court finds that there also is no federal question jurisdiction. Thus, no federal question appears on the face of Plaintiff's Complaint; federal question jurisdiction does not exist.

## II.     Conclusion

In light of the foregoing, the Court finds that it lacks subject matter jurisdiction and dismisses Plaintiff's complaint with prejudice. S*ee Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir.1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits ... Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the action must be dismissed."). Plaintiff's application for injunctive relief and for *pro bono* counsel are now moot. An appropriate order accompanies this opinion.

/s/ Esther Salas_____
United States District Judge